IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| BERNARDO E. RAMOS, | ) | Bk. No.  09-91011 |
| | ) | |
| Debtor. | ) | |

## MOTION TO MODIFY AUTOMATIC STAY

NOW Comes HERGET BANK, N.A. (hereinafter "MOVANT"), by and through its attorneys, RAFOOL & BOURNE, P.C., and files this motion to modify the automatic stay as to the below property and states as follows:

1. The above Chapter 11 proceeding was filed on May 7, 2009.

2. Movant is the holder of promissory note and mortgage (which are attached as exhibits to this motion) secured by the following real property (with the following common descriptions) owned by the Debtor ("subject properties"):

   112 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-038)
   114 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-017)
   202 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-018)
   709 & 709.5 West Church Street, Champaign, Illinois (PIN 42-20-12-303-005)
   711 & 713 West Church Street, Champaign, Illinois (PIN 42-20-12-303-004)

3. The subject properties are commercial rental properties with tenants.

4. Prior to the filing of the Chapter 11 case, Debtor was in default under the promissory note and mortgage due to 1) failure to make contractual payments due in the approximately $81,427.83; 2) failure to pay real estate taxes due on the properties; 3) failure to keep the property insured; and 4) failure to properly maintain the properties resulting in ordinance liens and a condemnation proceeding.

5. Movant had filed a foreclosure proceeding in Champaign County (Case No. 08-CH-325) and obtained a pre-petition judgment (copy attached) in said action with a then balance of $1,884,907.39 with a redemption date of April 26, 2009.

6. Since the judgment date, Movant has incurred additional costs – including foreclosure sale publication costs and attorney fees – that are properly added to its loan balance.

7. Debtor has made no post-petition payments to the Movant, and has not made any motion for use of cash collateral or to make adequate protection.

8. The City of Champaign has further issued notices of continued ordinance violations on the subject property located within the city, and has issued a notice of condemnation on part of the property, due to the Debtor's failure to maintain the properties. (Letters attached).

9. Due to the poor condition of the subject properties, Movant alleges that the market value of the subject properties is less than the balance owed on its mortgage and that there is no equity.

10. By reason of the assignment of rents clause in the mortgage and also by reason of the Debtor's failure to pay the costs necessary to maintain the subject properties, the Champaign County Circuit Court entered an order on January 26, 2009 placing Movant as "Mortgagee in Possession" (copy attached).

11. Under the January 26, 2009 order the Movant has been in possession of the subject properties, has been maintaining and repairing the properties, and has been collecting the rents.

12. Some of the tenants of the subject properties have stopped paying rent, and

Movant would like to be able to issue a notice of termination of lease to these tenants but does not want to do so without first receiving the permission of this court.

13.    Movant asserts that its interest is not adequately protected in the subject property pursuant to 11 U.S.C. §362(d)(1), due to the failure of the Debtor to maintain the properties and the Debtor's failure to propose post-petition adequate protection payments.

14.    Movant asserts that there is no equity in the subject property, and that the subject property will have a negative cashflow making the collateral unnecessary for an effective reorganization pursuant to 11 U.S.C. §362(d)(2).

15.    Movant further asserts that the Debtor allowing the subject collateral to deteriorate to the point where ongoing ordinance and condemnation proceedings are imminent constitute further "cause" to lift the automatic stay pursuant to 11 U.S.C. §362(d)(1).

## PRAYER FOR RELIEF

WHEREFORE, Movant HERGET BANK, N.A. respectfully requests that an order be entered for the following relief:

1.    The automatic stay be lifted as to the following "subject property":

112 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-038)
114 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-017)
202 S. Lynn Street, Urbana, Illinois (PIN 92-21-16-104-018)
709 & 709.5 West Church Street, Champaign, Illinois (PIN 42-20-12-303-005)
711 & 713 West Church Street, Champaign, Illinois (PIN 42-20-12-303-004)

2.    That Movant be allowed proceed with a foreclosure sale of the subject property, with the collection of any personal deficiency against the debtor stayed by these proceedings;

3.    The Movant be allowed to continue to act as Mortgagee in Possession pursuant to

the January 26, 2009 order of the Champaign County Circuit Court;

    4.    The Movant be allowed to issue notices of termination and commence the appropriate procedures, including forcible entry actions and the notices applicable with such actions, against tenants of the subject property in its capacity as Mortgagee in Possession;

    5.    The Movant be allowed to continue to collect rents from the tenants of the subject property, with the Movant being required to account to this Court for the use of any of the funds for maintenance and taxes on the subject property and the remaining amounts to be held by Movant pending further order of this Court.

    5.    That Bankruptcy Rule 4001(a)(3) not delay enforcement of such order;

    6.    For such further and other relief as is just.

Dated: June 4, 2009

SUMNER A. BOURNE                         Respectfully Submitted,
Rafool & Bourne, P.C.                       HERGET BANK, N.A.,
1600 Associated Bank Plaza
411 Hamilton Blvd.
Peoria, IL 61602
Telephone: (309) 673-5535         BY:     /s/ Sumner A. Bourne
                                                           One of Its Attorneys

## CERTIFICATE OF SERVICE

      The undersigned certifies that this electronic document was served on June 4, 2009 by depositing a printed copy into the United States mail at the mail chute located at 411 Hamilton Blvd., Peoria, Illinois, with postage prepaid at the address listed or through the court's electronic noticing system, upon the following parties:

      Bernardo E. Ramos
      213 W. Green Street
      Champaign, IL 61820

      Sabrina M. Petesch
      Office of the United States Trustee
      (through electronic notice)

Rafool & Bourne, P.C.
411 Hamilton, Suite 1600      BY:   /s/ Sumner A. Bourne
Peoria, IL 61602
Telephone: (309) 673-5535